Nos. 22-3750, 22-3751, 22-3753, 22-3841, 22-3843, 22-3844
File Name: 25a0058n.06

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION. ) ) ) ) | **FILED** Jan 31, 2025 KELLY L. STEPHENS, Clerk |
| TRUMBULL COUNTY, OH; LAKE COUNTY, OH; and PLAINTIFFS' EXECUTIVE COMMITTEE, ) ) ) ) | |
| Plaintiffs-Appellees, ) ) | ORDER |
| v. ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| WALGREENS BOOTS ALLIANCE, INC., WALGREEN COMPANY, WALGREEN EASTERN CO., INC.; CVS PHARMACY, INC., OHIO CVS STORES, LLC, CVS TENNESSEE DISTRIBUTION, LLC, CVS RX SERVICES, INC., CVS INDIANA, LLC; and WALMART, INC., ) ) ) ) ) ) ) | |
| Defendants-Appellants. ) ) | |

BEFORE: BATCHELDER, GRIFFIN, and BLOOMEKATZ, Circuit Judges.

We certified to the Ohio Supreme Court a controlling question of law in this matter: "Whether the Ohio Product Liability Act, Ohio Revised Code § 2307.71 *et seq.*, as amended in 2005 and 2007, abrogates a common law claim of absolute public nuisance resulting from the sale of a product in commerce in which the plaintiffs seek equitable abatement, including both monetary and injunctive remedies?" *In re Nat'l Prescription Opiate Litig.*, 82 F.4th 455, 462–63 (6th Cir. 2023). The Ohio Supreme Court accepted our question, 222 N.E.3d 661 (Ohio 2023), and has now answered it "in the affirmative," Slip Op. No. 2024-Ohio-5744, at ¶ 36. More specifically, the Ohio Supreme Court answered that "all common-law public-nuisance claims

arising from the sale of a product have been abrogated by the Ohio Product Liability Act," and that "the Counties' claims based on dispensing a product are abrogated." *Id.* at ¶¶ 1, 35.

The district court previously concluded to the contrary, and ultimately entered a $650 million abatement order and an injunction requiring defendants to "undertake certain actions to ensure they are complying fully with the Controlled Substances Act and avoiding further improper dispensing conduct." The parties do not dispute that the Ohio Supreme Court's decision on the certified question resolves this appeal and that it requires us to reverse the district court's judgment as to plaintiffs' common-law absolute public nuisance claims. We therefore vacate the district court's judgment, dissolve the injunction, and remand for further proceedings consistent with the Ohio Supreme Court's answer to our certified question.

ENTERED BY ORDER OF THE COURT

_Kelly L. Stephens_

_____
Kelly L. Stephens, Clerk